FILED

2005 JUN 10 A 10: 48

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

U. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| WILLIE SANDERS | : | CIVIL ACTION NO. |
| | | 3:02 CV 498 (AWT) |
| Plaintiff, | : | |
| V. | : | |
| FIRELINE, INC. | : | |
| Defendant, | : | JUNE 10, 2005 |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Rule 7(c) and 41(a) of the Local Rules of Civil Procedure for the District of Connecticut, the plaintiff hereby moves this Honorable Court to reconsider its ruling dismissing the plaintiff's case for want of prosecution and restore the plaintiff's case to the docket. The basis for the motion is that the plaintiff can show cause to rescind the Court's earlier order under Rule 41(a) and failure to do so would cause manifest injustice.

STANDARD OF REVIEW FOR A MOTION FOR RECONSIDERATION

Motions for reconsideration are authorized by Rule 7(c) of the Local Rules of Civil Procedure for the District of Connecticut (hereinafter "Rule 7(c)"). Rule 7 (c) provides that:

> Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decision which counsel believes the Court overlooked in the initial decision or order.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

L.R. Civ. P. 7(c) (D. Conn.). Motions under Rule 7(c) are "as a practical matter the same thing as motions for amendment of the judgment under Fed. R. Civ. P. 59(e)...and must be treated the same as a motion under Rule 59." City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991).

The standard for granting a motion for reconsideration under Rule 7(c) is strict. Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The only permissible grounds on which to grant a motion for reconsideration are: (1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. Doe v. New York City Dep't of Social Services, 709 F.2d 782, 789 (2d Cir.), cert. denied sub nom. Catholic Home Bureau v. Doe, 464 U.S. 864, 104 S.Ct. 195, 78 L.E.2d 171 (1983); Gold, 1998 WL 422900 at *2. The court's rulings under the rule are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." Gold, 1998 WL 422900 at *2 (quoting McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)).

## ARGUMENT

As a preliminary matter, it should be noted that counsel for the defendant, Charles F. Gfeller, Esquire, does not object to the plaintiff's motion for reconsideration. As such, the

2

plaintiff requests that this Court give considerable weight to the defendant's reasonable position.

In addition, this Court should allow the plaintiff's motion for reconsideration because the plaintiff can show cause to rescind the Court's previous order made under 41(a) of the Local Rules of Civil Procedure for the District of Connecticut (hereinafter "Rule 41(a)"). Rule 41(a) states:

> In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any. If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter an order of dismissal. *Any such order entered by the Clerk under this Rule may be suspended, altered, or rescinded by the Court for cause shown.*

L.R. Civ. P. 41(a) (D. Conn.) (emphasis added). Moreover, dismissal for want of prosecution is "an especially drastic remedy, reserved for rare occasions.'" Merker v. Rice, 649 F.2d 171, 173-174 (2 Cir. 1981). In many cases, fairness to the plaintiff may also require that less severe alternative sanctions be considered and in every case, the judge must attempt to "strik(e) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard" Merker, 649 F.2d at 174 (quoting Beary v. City of Rye, 601 F.2d 62, 63 (2d Cir. 1979).

While the plaintiff concedes that he failed to provide an explanation to the court within the twenty day requirement pursuant to Rule 41(a), this Court's order should

3

nevertheless be rescinded for cause because (1) the plaintiff did not receive the Court's notice of its proposed dismissal pursuant to Rule 41(a); (2) the plaintiff has, in fact, been diligent in pursuing its claim against the defendant; and (3) the degree of prejudice incurred by the plaintiff if the judgment were to remain far outweighs any prejudice felt by the defendant if the ruling were vacated.

Plaintiff's counsel, for some unknown reason, never received the Court's notice of intent to dismiss pursuant to Rule 41(a). (See Affidavit of Robert J. Sweeney dated June 10, 2005 attached as Exhibit 1). The plaintiff asks this Court to take into consideration the unusual circumstance of this matter in light of the fact that counsel's firm has specific office procedures in place for the handling of incoming mail. (See Affidavit of Sharleen McGovern dated June 9, 2005 attached as Exhibit 2). All mail received by the firm is sorted and reviewed by the firm's legal secretaries. (See Exhibit 2). After review, the mail is docketed and the docket is placed into a computer database. (See Exhibit 2). As a result, the firm is able to keep a running record of all mail that has been received. (See Exhibit 2).

Sharleen McGovern, a legal secretary at Early, Ludwick & Sweeney, L.L.C. (hereinafter "ELS"), searched ELS's mail dockets stored in the firm's database and was unable to find the notice pursuant to Rule 41(a). (See Exhibit 2). Counsel also made a thorough search of the plaintiff's file with no success. (See Exhibit 1). Although plaintiff's counsel can provide no explanation as to why the Court's notice was not received by ELS, it

4

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

is clear that this scenario is an aberration and upholding a dismissal for missing a procedural deadline, such as this, is too drastic a penalty.

Likewise, dismissal of this matter based on Rule 41(a) unjustly dismisses the plaintiff's three years of diligence in pursuing his claim against the defendant. Since the commencement of this action on March 21, 2002, an extensive exchange of discovery has taken place between the parties. The plaintiff has answered the defendant's interrogatories and been deposed. The plaintiff's expert has been disclosed and deposed by defense counsel. The defendant is also in possession of the plaintiff's lost wages, medical records, medical bills and photos of the alleged defective products. Both parties have even gone on a site visit to the factory location where the Mr. Sander's injuries occurred.

As stated previously, the defendant has no objection to the plaintiff's motion for reconsideration. In light of this position, it is clear that the defendant would not be prejudiced if the Court's dismissal were rescinded. Moreover, the Court would not be unduly burdened by activation of the plaintiff's case seeing as the discovery phase of the case was nearing completion prior to dismissal. It is clear that the only party currently prejudiced is the plaintiff. The plaintiff has lost his right to be heard on account of a procedural dismissal. As such, the plaintiff's asks this Court to rescind its order of dismissal for lack of prosecution.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

WHEREFORE, the plaintiff respectfully requests this Court to reconsider its ruling, and restore the plaintiff's case to the docket.

THE PLAINTIFF

BY: _____
Robert J. Sweeney
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080

6

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this __10__ day of June, 2005 to the following counsel of record:

Charles F. Gfeller, Esquire
Edwards & Angell, LLP
90 State House Square, 9th Floor
Hartford, CT 06103

_____
Robert J. Sweeney, Esq.

7

1

## AFFIDAVIT OF ROBERT J. SWEENEY

Robert J. Sweeney, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. I represent Willie Sanders in the matter of <u>Willie Sanders v. Fireline, Inc</u>. case no. 3:02CV4989.

4. To the best of my knowledge, I never received or reviewed mail related to a notice pursuant to Local Rule 41(a) for the <u>Willie Sanders v. Fireline, Inc</u>. case no. 3:02CV4989.

5. After a diligent search of Mr. Sander's file, and all correspondence from this case, I have been unable to find the Court's notice pursuant to Local Rule 41(a).

6. Any failure on the part of Early, Ludwick & Sweeney, L.L.C. to respond to the Court's notice pursuant to Local Rule 41(a) was not intentional.

7. To the best of my knowledge, Early, Ludwick & Sweeney, L.L.C. never received notice pursuant to Local Rule 41(a) for the <u>Willie Sanders v. Fireline, Inc</u>. case no. 3:02CV4989.

8. The first time I became aware of an issue related to the <u>Willie Sanders v. Fireline, Inc.</u> and Rule 41(a) was when I received the Court's dismissal for want of prosecution on June 8, 2005.

_____   _____
Witness                      Robert J. Sweeney

STATE OF CONNECTICUT

COUNTY OF NEW HAVEN

Subscribed and sworn to before me this 10th day of June, 2005.

_____
Notary Public
My Commission expires: 7/31/2009

2

## AFFIDAVIT OF SHARLEEN MCGOVERN

Sharleen McGovern, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. I am employed as a legal secretary at Early, Ludwick & Sweeney, L.L.C. located at 265 Church Street in New Haven, Connecticut 06508-1866.

4. As a legal secretary at Early, Ludwick & Sweeney, L.L.C., I follow a specific procedure for handling all incoming mail.

5. As part of this procedure, all incoming mail is sorted and reviewed by the firm's legal secretaries prior to being docketed.

6. I review all incoming mail addressed to Robert J. Sweeney and/or mail related to a personal injury or product liability claim.

7. After review of the mail, the mail is docketed and the docket is placed into our computer database.

8. To the best of my knowledge, I never received or reviewed mail related to a notice of proposed dismissal for the Willie Sanders v. Fireline, Inc. case no. 3:02CV4989.

9. After a diligent search of our firm's mail docket in our database, and all correspondence from this case, I have been unable to find the notice of the proposed dismissal for the Willie Sanders v. Fireline, Inc. case no. 3:02CV4989.

10. To the best of my knowledge, Early, Ludwick & Sweeney, L.L.C. never received notice of the proposed dismissal for the Willie Sanders v. Fireline, Inc. case no. 3:02CV4989.

11. The first time I became aware of an issue related to the Willie Sanders v. Fireline, Inc. was when I received the Court's dismissal for want of prosecution on June 8, 2005.

_____          _____
Witness                                           Sharleen McGovern

STATE OF CONNECTICUT

COUNTY OF NEW HAVEN

Subscribed and sworn to before me this 9th day of June, 2005.

_____
Notary Public
My Commission expires: 7/31/2009