UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIE SANDERS | : | CIVIL ACTION NO. |
| | : | 3:02 cv 498 (AWT) |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| FIRELINE, INC. | : | |
| | : | |
| Defendant | : | November 15, 2006 |

**PLAINTIFF'S OBJECTION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Willie Sanders, hereby objects to defendant's Motion for Summary Judgment dated June 15, 2006. Defendant claims, as its sole basis for summary judgment, that Plaintiff cannot establish causation through expert testimony. Defendant's motion should be denied because (1) Defendant has failed to comply with L.Civ.R. 56; (2) Plaintiff has properly and timely disclosed his expert, Michael Shanok, to testify as to causation; (3) Defendant's motion is premature; (4) Defendant has failed to put forth any justifiable basis that would warrant the granting of its motion to preclude; and (5) Connecticut law allows for a plaintiff to establish liability and causation in a Products Liability case without expert testimony.

In support hereof, Plaintiff submits the attached memorandum of law.

ORAL ARGUMENT REQUESTED

THE PLAINTIFF

BY: _____
Robert J. Sweeney
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Fax (203) 785-1671
Fed Bar No. CT06046

## CERTIFICATION

    This is to certify that a copy of the foregoing has been mailed, postage prepaid on November 15, 2006 to:

Mark Seiger
Charles Gfellar
Edwards Angell Palmer
& Dodge LLP
90 State House Square
Hartford, CT 06103

Timothy Ward
McGann, Bartlett & Brown
281 Hartford Turnpike #401
Vernon, CT 06066

_____
Robert J. Sweeney

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIE SANDERS | : | CIVIL ACTION NO. |
| | : | 3:02 cv 498 (AWT) |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| FIRELINE, INC. | : | |
| | : | |
| Defendant | : | November 15, 2006 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITON TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff in the above captioned matter hereby submits this memorandum of law in opposition to defendant's Motion for Summary Judgment dated June 15, 2006. Defendant claims, as its sole basis for summary judgment, that Plaintiff cannot establish causation through expert testimony. Defendant's motion should be denied because (1) Defendant has failed to comply with L.Civ.R. 56[1]; (2) Plaintiff has properly and timely disclosed his expert, Michael Shanok, to testify as to causation; (3) Defendant's motion is premature in that it relies on the granting of its motion to preclude plaintiff's expert, that it filed the same day as the instant motion, which has not been ruled upon by this Court; (4) Defendant has failed to put forth any justifiable basis that would warrant the granting of its

---
[1] Defendant has not attached a Local Rule 56(a)(1) statement setting forth a statement of all undisputed material facts to its motion for summary judgment.

motion to preclude; and (5) contrary to Defendant's spurious claim, Connecticut law allows for a plaintiff to establish liability and causation in a Products Liability case without expert testimony.

## I. BACKGROUND

The instant action was brought by the plaintiff, Willie Sanders, for injuries and losses stemming from an explosion at Ansonia Copper and Brass (hereinafter "ACB"). Mr. Sanders, while working as a caster, was severely burned when the molten metal he was pouring contacted the water bath used in the cooling process. The leak out that lead to the explosion was caused by the breaking of the pour cups manufactured and supplied by the Defendant Fireline, Inc. (hereinafter "Fireline" or "Defendant"). Plaintiff contends that these cups were defective in that they would crack when used for their intended use.

Michael Shanok has been disclosed by the plaintiff in this case for the purpose of offering expert testimony at trial on the issues of the hazardous and unsafe nature of the ceramic cups manufactured by Fireline and the cause of the explosion that resulted in the Plaintiff's injuries. In particular, Mr. Shanok is expected to testify with a reasonable degree of scientific certainty that the subject cup was the cause of the leak out and resultant explosion. Mr. Shanok will further testify with a reasonable degree of scientific certainty that the ceramic cup was not adequate and safe for its intended use and was defectively

designed and/or manufactured. Further, Mr. Shanok will testify that Fireline failed to provide adequate warnings concerning the use of the cup.

The defendant has moved for summary judgment on the sole basis that the plaintiff will be without the necessary expert opinions regarding product defect and causation, if the defendant's motion to preclude the testimony of plaintiffs' expert Michael Shanok is granted. As discussed more fully in Plaintiff's Opposition to Defendant's Motion to Preclude, Mr. Shanok is clearly qualified to offer expert testimony as to the issues for which he has been disclosed in this case. His testimony is firmly supported by the facts and circumstances at issue and based on widely accepted engineering principles and sound scientific methodology.

Defendant's motion to preclude has not yet been decided by this Court, as it was filed the same day as its motion for summary judgment.

## II.   ARGUMENT

### A.   STANDARD

Upon filing a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 256 (1986). A court may only grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir.1993) (internal quotation marks and citation omitted). In ruling on a motion for summary judgment, the Court must resolve "all ambiguities and draw all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.1992), cert. denied, 506 U.S. 965 (1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.1991), cert. denied, 502 U.S. 849 (1991).

### B.   DEFENDANT'S MOTION IS PREMATURE

The defendant has moved for summary judgment based on the bald statement that it has moved to preclude one of the plaintiff's experts regarding the defective nature of the subject pour cup and the issues of causation between that defective product and the injuries and losses being claimed in this action. Not only has the defendant's motion to preclude not yet been acted upon (it bears the same date as the motion for summary judgment), but the defendant has provided no semblance of supporting documents in connection with its

motion to suggest that the motion to preclude is likely to be granted. At the very least, a Daubert hearing would have to be conducted before this matter would even be subject to summary judgment.

### C. PLAINTIFF HAS PROPERLY DISCLOSED AN EXPERT ON THE ISSUES OF DEFECT AND CAUSATION

Plaintiff has timely disclosed in this case an engineering expert, Michael Shanok, who will testify based upon a reasonable degree of scientific probability that the pour cup manufactured and sold by Fireline was defective in that it cracked and failed under normal conditions causing an explosion and resulting in plaintiff's injuries. At his deposition (conducted in two sessions on August 11, 2003 and April 12, 2004), Mr. Shanok gave testimony entirely consistent with that disclosure. For all of the reasons discussed in the plaintiff's memorandum of law in opposition to defendant's motion to preclude Mr. Shanok's testimony, Mr. Shanok is qualified to offer his opinions in this case and those opinions are based on sound scientific methodology and theory.

### D. ISSUES OF FACT REQUIRE THE DENIAL OF SUMMARY JUDGMENT

Notwithstanding that the Defendant's motion is premature and that Mr. Shanok is properly qualified to testify as an expert in this case, the defendant's motion for summary judgment must be denied because there are genuine issues of material fact to be decided by

the jury in this case. Further, even assuming, arguendo, that Plaintiff's expert was precluded, there would still exist genuine issues of fact concerning whether the defective product caused the plaintiff's injuries.

"Where the plaintiff has introduced evidence which removes the issue of proximate cause from the realm of mere speculation, that issue presents a question of fact for the trier." Slepski v. Wms. Ford, Inc., 170 Conn. 18, 22 (1975)(internal quotations omitted). "The plaintiff is not required to show only one possible theory of causation, negating all others." Id. citing Terminal Taxi Co. v. Flynn, 156 Conn. 313, 318 (1968).

"It is well established under Connecticut law that a plaintiff may…prove the existence of a product defect without the benefit of expert testimony." Debartolo v. Daimler Chrysler Corp., 2005 WL 3665602 *4 (Conn.Super.)(attached hereto as Exh. A). Connecticut courts have consistently held that a jury may, under appropriate circumstances, infer a defect from the evidence without the necessity of expert testimony. Id.; see, e.g., Standard Structural Steel Co. v. Bethlehem Steel Corp., 597 F. Supp. 164 (D. Conn. 1984) (recognizing Connecticut law permits fact finder to draw inference of defect from circumstantial evidence); Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199 (1997)(Court recognizes that a Plaintiff need not retain an expert where lay jurors can infer a defect from circumstantial evidence); Living & Learning Centre, Inc. v. Griese Custom

Signs, Inc., 3 Conn. App. 661 (1985) ("It is not necessary that the plaintiff in a strict tort action establish a specific defect as long as there is evidence of some unspecified dangerous condition. In the absence of other identifiable causes, evidence of malfunction is sufficient evidence of a defect under § 402A of the Second Restatement of Torts.").

Defendant incorrectly cites Gold v. Dalkon Shield Claimants Trust, 1998 WL 351456, for the proposition that a claim brought under the Connecticut Product Liability Act ("CPLA") always requires expert testimony.  The only issue even discussed, let alone decided, by the Court in Gold was that, under the particular facts of that case, the plaintiff needed to present expert **medical** testimony linking the defective product to the injuries the plaintiff was claiming.  Defendant's citation to the Gold case is disingenuous at best.  The remaining cases cited by the Defendant are likewise inapplicable to its sole argument for summary judgment, i.e. none of the cases stand for the proposition that in order to prove that a product is defective under the CPLA, expert testimony is always required.  All such cases, cited by the Defendant, either deal with medical causation, do not involve the CPLA, do not even involve a defective product or all of the above. See Aspiazu v. Orgera, 535 A.2d 338 (1987)(medical causation and not involving CPLA); Fane v. Zimmer, 927 F.2d 124 (2nd Cir.1991)(medical causation and New York law); Fitzgerald v. Manning, 679 F.2d 341 (4th Cir. 1982)(Medical malpractice case not involving Connecticut law).

Given that Connecticut law permits a defective products case to proceed to a jury in the absence of expert testimony, even assuming, arguendo, that the defendant was to prevail on its motion to preclude the plaintiff's expert, such a result cannot as a matter of law form the basis for summary judgment.

III. **CONCLUSON**

In so far as the preclusion of Mr. Shanok is unwarranted in this case and that hypothetical preclusion is the sole basis of the defendant's motion for summary judgment, said motion must be denied.

```
                              THE PLAINTIFF

                        BY:   _____
                              Robert J. Sweeney
                              Early, Ludwick & Sweeney, L.L.C.
                              265 Church Street, 11th Floor
                              P.O. Box 1866
                              New Haven, CT 06508-1866
                              (203) 777-7799
                              Fax (203) 785-1671
                              Fed Bar No. CT06046
```

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid on November 15, 2006 to:

Mark Seiger
Charles Gfellar
Edwards Angell Palmer
& Dodge LLP
90 State House Square
Hartford, CT 06103

Timothy Ward
McGann, Bartlett & Brown
281 Hartford Turnpike #401
Vernon, CT 06066

_____
Robert J. Sweeney

**Westlaw.**

Not Reported in A.2d

Page 1

Not Reported in A.2d, 2005 WL 3665602 (Conn.Super.), 40 Conn. L. Rptr. 503
(Cite as: Not Reported in A.2d)

C
Briefs and Other Related Documents
Debartolo v. Daimler Chrysler Corp.Conn.Super.,2005.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut,Judicial District of New Haven.
Janice DEBARTOLO
v.
DAIMLER CHRYSLER CORPORATION et al.
No. X10NNHCV030482725S(CLD).

Dec. 22, 2005.

Gesmonde Pietrosimone & Sgrignari L., Hamden, for Janice Debartolo.
Marie Chafe, PHV McGoughDavid W., PHV DurneyPeter M., Cornell & Gollub, Gregg Bailey, Boston, for Daimler Chrysler Corporation.
MUNRO, J.
*1 Before the court are two motions for summary judgment and a motion to preclude filed by the defendants. The underlying action is a products liability claim brought by the plaintiff, Janice DeBartolo, claiming that the defendants Daimler Chrysler Corporation and Linder Motors, Inc. placed a defective air bag and a defective seatbelt into the stream of commerce in violation of Connecticut General Statutes § 52-72m et seq., as a result of which she suffered injuries. The defendants have denied these allegations and filed special defenses (some of which have been previously stricken, but others remain). While not relevant to these proceedings, there is also an intervening plaintiff, the State of Connecticut, the plaintiff's employer which claims reimbursement for monies paid to or on behalf of the plaintiff as a result of the motor vehicle accident which is the genesis of this litigation.

The following is not in dispute. On June 5, 2001, the plaintiff was the operator of a 2000 Dodge Neon that she had purchased in new condition from the defendant Linder. The plaintiff was proceeding in a northerly direction on Litchfield Turnpike in Woodbridge, Connecticut when she drove the 2000 Dodge Neon into the rear of another motor vehicle which was stationary at the time. The plaintiff does not dispute that the collision was caused by her conduct in the operation of her motor vehicle. The plaintiff's mouth hit her steering wheel and she experienced injuries from that impact. The driver's front air bag did not deploy in the collision.

It is the plaintiff's factual assertion that she was wearing her seatbelt with its shoulder restraint at the time of the accident. She claims that the seatbelt should have, but failed to restrain the upper portion of her body and that the air bag should have deployed, and, if either or both of these had occurred she would not have suffered the injuries she did in the accident. She claims that both the seatbelt and the air bag malfunctioned, resulting in her injuries. The defendants refute those assertions, claiming that neither restraint device malfunctioned. The plaintiff has disclosed Michael Shanok as her expert witness to testify as to his opinions, and the bases therefore, that the air bag malfunctioned. The plaintiff has disclosed no expert witness as to the malfunction claim regarding the seatbelt. The defendant has disclosed three expert witnesses regarding their assertion that both the seatbelt and the air bag were not malfunctioning at the time of the plaintiff's collision.

In their motion to preclude, the defendants seek to preclude Shanok, claiming that he lacks qualifications to offer expert testimony on accident reconstruction and air bag deployment. Further, the defendants seek preclusion of Shanok's testimony on the grounds that his opinions are not based upon reliable engineering practices and that they do not meet the criteria enunciated in *State v. Porter,* 241 Conn. 57, 698 A.2d 739 (1997). The plaintiff opposes and resists these assertions. The defendants' motion to preclude was coupled with a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                              Page 2
Not Reported in A.2d, 2005 WL 3665602 (Conn.Super.), 40 Conn. L. Rptr. 503
**(Cite as: Not Reported in A.2d)**

motion for summary judgment based upon the assumption of a court granting the preclusion. The parties submitted supporting documentation for their respective positions on the motions, including the entire deposition testimony of Shanok. At argument, the court offered the parties the opportunity for additional evidence to be elicited in support and opposition to the preclusion argument under the *Porter* hearing on Shanok's testimony. Both parties declined to offer any additional evidence.

*2 The defendants also filed a separate motion for summary judgment on October 31, 2005 surrounding the same issues, as well as any claims that the seat belt or brakes of the Dodge Neon malfunctioned. At argument, the plaintiff abandoned any claim that the brakes malfunctioned. Therefore that issue need not be addressed by the court. The balance of the memorandum in support of the motion for summary judgment argues that there is no justiciable issue of law or fact as to the products liability claims on the seatbelt and air bag, even if Shanok is permitted to testify at trial. The defendants argue that Shanok offered no probative opinions and their experts provide conclusive factual evidence as to the proper operation of the air bag and the conclusion of defense experts that the plaintiff was not wearing her seat belt at the time of the accident. The plaintiff resists these arguments, claiming there are issues of fact, pointing to Shanok's testimony which will be discussed herein, the police report concluding the plaintiff was wearing her seatbelt, the plaintiff's own statements under oath as to the speed her motor vehicle was traveling at, that she was wearing her seatbelt, and finally the owner's manual of the Dodge Neon as to when the air bag should deploy if it is operating properly. Further facts at issue will be discussed as needed.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) *Davies v. General Tours, Inc.,* 63 Conn.App. 17, 20-21, 774 A.2d 1063, cert. granted on other grounds, 256 Conn. 926, 776 A.2d 1143 (2001) (appeal withdrawn October 18, 2001).

The court first addresses the defendants' motion to preclude the expert testimony of Shanok. According to the expert disclosure submitted for the plaintiff, Shanok, if permitted to testify, will opine that "the airbag on the Dodge Neon was defective in that it should have deployed as a result of its collision with the Crisci automobile, and that had the restrain system properly deployed, it is more probable than not that Mrs. Sanders [FN1] would have emerged uninjured from the collision." The defendants have argued that Shanok should be precluded from testifying for two reasons. First, the defendants argue that Mr. Shanok lacks the qualifications to provide expert testimony on the accident and the airbag system of the subject vehicle. The defendants further argue that, even if Shanok is qualified, his opinions regarding the accident and the airbag should be precluded as unreliable under the principles enunciated in *State v. Porter, supra.*

   FN1. Now known as the Plaintiff, Ms. DeBartolo.

The court agrees with the defendants that Shanok should be precluded from testifying regarding the airbag system in the subject vehicle, but not necessarily for the reasons proffered by the defendants.[FN2] Upon reviewing the complete deposition testimony of Shanok, which was provided as an exhibit to the defendants' moving papers, the court concludes that Shanok has failed to establish a sufficient factual foundation for providing testimony regarding the airbag system in the subject vehicle. Shanok testified, among other things, that he did not know the speed at which the airbag in the subject vehicle was designed to deploy; that he had never seen any structural or crash test data concerning the vehicle; and that he is not familiar with the specifications or calibrations of the airbag components and sensors as installed on the vehicle in question. Although Shanok testified that it was his "informed suspicion" that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                  Page 3
Not Reported in A.2d, 2005 WL 3665602 (Conn.Super.), 40 Conn. L. Rptr. 503
**(Cite as: Not Reported in A.2d)**

the airbag did not deploy because the sensor "has no tolerance for angular displacement during deceleration," Shanok admitted that he did not know if the sensor in fact did or did not have any tolerance for angular displacement. Under these circumstances, Shanok simply does not have an adequate factual foundation to support his opinions regarding the failure of the airbag to deploy.

> FN2. The court need not reach the issue of Shanok's qualification to testify as to his proffered opinions with regard to the airbag at this time. The court further notes that it is not entirely clear that the subject of Shanok's testimony is of a "scientific" nature such that the standards of *State v. Porter, supra,* come into play. See generally *State v. West,* 274 Conn. 605, 638 n. 37, 877 A.2d 787 (2005) (Declining to decide whether to adopt holding of *Kumho Tire v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) and extend trial court's "gatekeeping" function under *State v. Porter* to all expert testimony).

*3 Further, the court concludes that Shanok's "informed suspicion" with respect to the malfunction of the airbag was not rendered with the requisite degree of certainty under Connecticut law. "An expert witness is competent to express an opinion, even though he or she may be unwilling to state a conclusion with absolute certainty, so long as the expert's opinion, if not stated in terms of the certain, is at least stated in terms of the probable, and not merely the possible." *Vickers v. Jessup,* 32 Conn.App. 360, 363, 629 A.2d 457 (1993). While the term "probability" is not to be treated as a talisman in evaluating whether testimony is sufficiently certain, see *Struckman v. Burns,* 205 Conn. 542, 555, 534 A.2d 888 (1987), the substance of the expert's testimony, when taken as a whole, must advise the jury that the proffered opinion is more likely correct than incorrect. See *Healy v. White,* 173 Conn. 438, 443-46, 378 A.2d 540 (1977). In the present case, Shanok's "informed suspicion" regarding the airbag malfunction, viewed in light of the foundational deficiencies discussed above (in particular, his utter lack of familiarity with the airbag system of the Neon) does not suffice to take his opinion out of the realm of conjecture and speculation.

For similar reasons, the court precludes Shanok from testifying at this time on the subject of deceleration of the plaintiff's vehicle. At his deposition, Shanok testified that the collision resulted in a deceleration of 20-22 mph. His testimony, however, does not explain how the rate of deceleration relates to barrier equivalent velocity ("BEV"), which apparently is the critical calculation in determining whether the airbag should deploy in the subject Neon. See Affidavit of Dennis Guenther, submitted in support of defendants' Motion for Summary Judgment. Indeed, Shanok testified that he had no idea how to calculate BEV, and that he was only familiar with the term from publications such as automobile magazines. Thus, Shanok's testimony with regard to deceleration, without a factual foundation of how the rate of deceleration relates to the deployment of airbags in general, and the airbag on the subject Neon in particular, is speculative and cannot be helpful to a jury.

The court will, however, permit Shanok to testify to his findings with respect to damage to the subject vehicle in the context of the severity of the collision. Shanok testified that, based upon wheelbase measurements taken during his inspection of the Neon, the frame of the vehicle buckled as a result of the collision. He also testified about other damage to the vehicle. The court concludes that Mr. Shanok is qualified to testify regarding the condition of the vehicle in this limited context based upon his engineering background and many years of inspecting vehicles as a consultant in accident reconstruction. The court further concludes that Shanok is entitled to rely upon his experience and engineering background in opining on the buckling of the wheelbase and the import of frame buckling in terms of the severity of the collision. Concerns regarding the method used by Shanok to determine the measurements of the wheelbase go to the weight, rather than the admissibility, of Shanok's testimony.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                                    Page 4
Not Reported in A.2d, 2005 WL 3665602 (Conn.Super.), 40 Conn. L. Rptr. 503
**(Cite as: Not Reported in A.2d)**

*4 The court now turns to the issues raised by the defendants' Motion for Summary Judgment. The defendants argue that the plaintiff's claims that the airbag and seat belt systems in the subject vehicle both must fail in the absence of expert testimony establishing a defect in each.

With respect to the plaintiff's airbag claim, the defendants contend that, without expert testimony regarding the presence of a defect in the subject vehicle, the plaintiff's airbag claim may not be submitted to the jury. According to the defendants, the workings of an airbag system are beyond the ken of an average juror. The plaintiff disagrees, contending that her allegations regarding the airbag are such that a jury should be permitted to infer a defect from circumstantial evidence even without the benefit of expert testimony pointing to a specific defect in the airbag system of the Neon.

It is now well established under Connecticut law that a plaintiff may, under proper circumstances, prove the existence of a product defect without the benefit of expert testimony.
Connecticut courts ... have consistently stated that a jury may, under appropriate circumstances, infer a defect from the evidence without the necessity of expert testimony. See, e.g., *Standard Structural Steel Co. v. Bethlehem Steel Corp.*, 597 F.Supp. 164, 183 (D.Conn.1984) (recognizing Connecticut law permits fact finder to draw inference of defect from circumstantial evidence); *Living & Learning Centre, Inc. v. Griese Custom Signs, Inc.*, 3 Conn.App. 661, 664, 491 A.2d 433 (1985) ("It is not necessary that the plaintiff in a strict tort action establish a specific defect as long as there is evidence of some unspecified dangerous condition. In the absence of other identifiable causes, evidence of malfunction is sufficient evidence of a defect under § 402A of the Second Restatement of Torts."); *Kileen v. General Motors Corp.*, 36 Conn.Supp. 347, 349, 421 A.2d 874 (1980) ("[t]he fact finder can find, where other identifiable causes are absent, that the mere evidence of a malfunction is sufficient evidence of a defect"); see also annot., 65 A.L.R.4th 346, 354-58 (1988) (listing twenty-eight states that allow establishment of prima facie case of design defect based upon inferences from circumstantial evidence).

*Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 217, 694 A.2d 1319 (1997).

Although there apparently are no Connecticut cases addressing the precise issue at hand, courts have permitted product defects involving automobiles to be presented to a jury in the absence of expert testimony where the fact of a defect is within the common knowledge of ordinary consumers. See *Vaccarelli v. Ford Motor Corp.*, 2001 WL 862643 (Conn.Super. July 6, 2001) (Doherty, J.) (Holding that plaintiff was entitled to present defect claim to jury without expert testimony where airbag deployed without impact); *Kroll v. Mazda Motor of North America*, 2000 WL 486834 (Conn.Super. March 28, 2000) (Grogins, J.) (26 Conn. L. Rtpr. 472) (Same in case involving failure of braking system); *Woods v. General Motors Corp.*, 1996 WL 57016 (Conn.Super. Jan.24, 1996) (Wagner, J.) (16 Conn. L. Rptr. 63) (Same in case where car allegedly went out of control).

*5 The court concludes, under the particular facts and circumstances of the present case, that the plaintiff is entitled to have her airbag claim heard by the jury without the benefit of expert testimony regarding the airbag itself. The owner's manual for the Neon, which was submitted by the plaintiff in her opposition papers, indicates that the airbag is designed to deploy "in a moderate to severe frontal collision." The evidence before the court would permit (though by no means require) a jury to draw an inference that the Neon was involved in a moderate frontal collision and that the airbag utterly failed to deploy, with the result that the plaintiff's head struck the steering wheel of the Neon. The plaintiff testified that, at the time of impact, she believed that she was traveling at approximately 30-35 miles per hour.[FN3] As a result of the collision, the plaintiff testified that her teeth punctured her chin, requiring 35 internal and 35 external stitches, that her four lower center front teeth were pushed in, and that she sustained one broken tooth, a contusion on her knee and a sprained right ankle. The plaintiff further testified that the Neon was "totaled" as a result of the accident, and that the front of the vehicle, the hood, the engine block, and the dashboard were pushed in as a result of the accident.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d    Page 5

Not Reported in A.2d, 2005 WL 3665602 (Conn.Super.), 40 Conn. L. Rptr. 503
(Cite as: Not Reported in A.2d)

> FN3. Lay witnesses are generally competent to testify as to the speed of an automobile, though only as to observed facts. See *Acampora v. Asselin,* 179 Conn. 425, 427, 426 A.2d 797 (1980).

These facts, coupled with Shanok's testimony that the frame of the vehicle was buckled and the damage that he observed to other areas of the vehicle, are sufficient to permit a jury to infer that the severity of the collision was such that a " moderate" frontal impact had occurred, and that the airbags should have deployed as a result. The court concludes that a jury may infer the existence of a defect in the Neon's airbag under these circumstances without expert testimony, particularly in light of the representation in the owner's manual of the Neon that the airbag should deploy upon a " moderate" frontal impact. See *Silvestri v. General Motors Corp.,* 210 F.3d 240, 245 (4th Cir.2000) (Holding that plaintiff need not provide expert testimony of a specific defect on claim involving failure of airbag to deploy where circumstantial evidence permitted inference that airbag should have deployed, including evidence of representations made in the owner's manual of the plaintiff's vehicle regarding the airbag.) [FN4]

> FN4. The Court notes that New York law, which the Fourth Circuit applied in *Silvestri,* is similar to Connecticut law in that a plaintiff is not required in every circumstance to provide expert testimony of a specific defect to prevail on a products liability claim. See *Silvestri v. General Motors Corp., supra,* 210 F.3d at 243-44.

Next, the court considers defendants' motion for summary judgment with regard to the plaintiff's seatbelt claims. The plaintiff has alleged that the seatbelt in the Neon failed in that the upper portion of the seatbelt, apparently known as the shoulder harness, did not restrain her upper body, permitting her face and/or chin to strike the steering wheel of the Neon upon collision. At her deposition, the plaintiff testified that she was wearing her seatbelt at the time of the collision and that the bottom, or lap harness, of the seatbelt restrained her upon impact but that the shoulder harness did not.

\*6 The plaintiff has not proffered any expert testimony with regard to the seatbelt in the Neon. The defendants again argue that, in the absence of expert testimony identifying a specific defect, the plaintiff's seatbelt claim should not be submitted to a jury. The court disagrees.

The general workings of a seatbelt (if not seatbelt engineering and construction) are within the common knowledge of an average juror. See *Vaccarelli v. Ford Motor Corp., supra,* 2001 WL 862643 at \*4 (Holding that "the purpose and operation of a seat belt is within the ordinary knowledge of a judge and jury.") Put another way, it is within the experience of an average juror that both the upper and lower portions of a seatbelt are supposed to lock upon collision to prevent occupants from moving forward. The plaintiff testified that she was wearing her seatbelt at the time of the accident and that the upper portion of the seatbelt failed to restrain her. This testimony is sufficient to submit the matter to a jury for consideration.

In support of their motion, the defendants point to the affidavit of Dennis Guenther, who is one of the defendants' disclosed expert witnesses. Guenther attested therein that, in his opinion, the circumstances of the collision and the plaintiff's injuries were such that the plaintiff could not have been wearing her seatbelt. According to Guenther, if the plaintiff had been wearing her seatbelt, "she could not have made contact with the steering wheel with her teeth or chin." The court concludes that Guenther's testimony does no more than create a triable issue of fact as to whether the plaintiff was wearing her seatbelt, and whether the seatbelt malfunctioned. A reasonable jury would be permitted to infer that the plaintiff was wearing her seatbelt, but that the shoulder harness portion of the belt failed to restrain the plaintiff.

Finally, the defendants have argued that the plaintiff cannot prove that, but for the failure of the airbag and/or seatbelt systems, the plaintiff would not have suffered the alleged injuries to her teeth and jaw. The court concludes that it is within the province of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                         Page 6
Not Reported in A.2d, 2005 WL 3665602 (Conn.Super.), 40 Conn. L. Rptr. 503
**(Cite as: Not Reported in A.2d)**

the jury to conclude that, had the airbag and/or the seatbelt been working properly, the plaintiff's chin and teeth would not have struck the steering wheel, based upon common knowledge regarding the basic operation of these safety systems.

The defendants' Motion to Preclude the Plaintiff's Expert, Michael Shanok, is granted in part, to the extent set forth hereinabove. The defendants' Motion for Summary Judgment is denied.

Conn.Super.,2005.
Debartolo v. Daimler Chrysler Corp.
Not Reported in A.2d, 2005 WL 3665602 (Conn.Super.), 40 Conn. L. Rptr. 503

Briefs and Other Related Documents (Back to top)

• NNH-CV-03-0482725-S (Docket) (Oct. 8, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.