UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIE SANDERS : | CIVIL ACTION NO. |
| : | 3:02 cv 498(AWT) |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | |
| FIRELINE, INC. : | |
| : | |
| Defendant. : | NOVEMBER 30, 2006 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to D. Conn. L. Civ. R. 7(d), the defendant, Fireline, Inc. ("Defendant" or "Fireline"), through its undersigned counsel, hereby files this Reply to *Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment* dated November 15, 2006 ("Opposition").

**I.   Preliminary Matter.**

As a preliminary matter, it is true that the June 15, 2006 *Motion for Summary Judgment* ("Motion") was filed without a statement of undisputed material facts pursuant to L. Civ. R. 56 (Opposition at 1[1]); however, Defendant respectfully submits that to deny the Motion based on Defendant's failure to comply with this technical requirement would be setting form over substance. In any event, the Motion contained a factual background replete with citations to deposition transcripts and other documentary and testimonial evidence produced in this case. Furthermore, Plaintiff has not opposed the Motion merely on the basis of Rule 56, but has filed a

---

[1] The page numbers in the Opposition are partially obscured by the footer on each page containing Plaintiff's counsel's address, but they are discernible at the end of the bolded name "Ludwick."

substantive Opposition containing several additional arguments, and Plaintiff, having chosen to prepare a lengthy Opposition (and indeed having had five months in which to do so), certainly could have objected in its Opposition to Defendant's characterization of any of the facts.

Plaintiff's next argument is that the Motion is premature on the basis that Defendant filed a concurrent motion to preclude expert testimony (Opposition at 4-5). Defendant respectfully submits that the motions are related as they are based on the same set of facts, and it would serve judicial economy for the Court to consider them together. While the decision to bundle related motions is entirely within the discretion of the Court, the practice is not unusual.

## II.     Plaintiff's Cases Are Easily Distinguished.

The remainder of Plaintiff's arguments are grounded in the proposition that he does not need an expert witness in order to prove his case. The cases he cites in support are distinguishable and do not contradict the authority relied on by Defendant in the Motion.

### A.     Debartolo v. Daimler Chrysler Corp., Cited by Plaintiff, is Wholly Distinguishable.

Plaintiff first cites Debartolo v. Daimler Chrysler Corp., 2005 WL 3665602 (Conn.Super.) (Opposition at 6), a case worth examining for its similarity, in certain respects, to this proceeding. The case involved claims of a defective airbag and defective seatbelt. The defendant brought concurrent motions to preclude the expert testimony of Michael Shanok ("Shanok"), and for summary judgment.[2] The summary judgment motion was contingent on the success of the motion to preclude. The court granted the motion to preclude based on the inadequacy of Shanok's testimony, finding among other things that Shanok was not familiar with

---

[2] It must be noted that Shanok, who purported to be an expert in automobile seat belts in Debartolo, is the same expert who is being proffered as an expert in fused silica pour cups in this case.

the specifications or calibrations of the airbag components, and that he therefore did not have an adequate factual foundation to support his opinions, and finding further that Shanok's "informed suspicion" with regard to the cause of the accident was not rendered with sufficient certainty.

However, the court denied the summary judgment motion. Its basis for the denial, cited by Plaintiff, is that under Connecticut law "a jury may, **under appropriate circumstances**, infer a defect from the evidence without the necessity of expert testimony" (Debartolo at *4)(emphasis added). In the instant matter, Plaintiff does not explain what those "appropriate circumstances" are, because they are simply not present in this case.

One circumstance identified by the court that would allow a jury to infer a defect without expert testimony is the "absence of other identifiable causes" (Id.). Here, OSHA has conducted an investigation and produced a report (relied upon by Plaintiff's expert) that identifies a cause, other than a defective product, for the alleged accident (that cause being operational error by Plaintiff). Defendant's expert, Roger Jones, has also rendered a contrary opinion to that of Plaintiff's expert. Because there is an identifiable cause for the alleged accident other than a defective product, the "appropriate circumstances" referred to in Debartolo are not present here.

Furthermore, the court also based its decision to deny summary judgment on the fact that the "general workings of a seatbelt ... are within the common knowledge of an average juror." Id. at *6. In contrast, the subject of fused silica pour cups used to pour various types of molten metal, at varying temperatures, in a foundry, is a completely foreign one to the average juror, and a jury should not be permitted to infer a defect in a product they have never heard of or encountered, without the assistance of expert testimony.

### B.    Plaintiff's Reliance on Other Cases is Also Misplaced.

None of Plaintiff's other cases undermine the rule that when the alleged incident is outside the experience of reasonable jurors, expert testimony is required to establish causation in a claim brought pursuant to the Connecticut Products Liability Act (CPLA). Standard Structural Steel CO. v. Bethlehem Steep Corp., 597 F.Supp. 164 (D. Conn. 1984) (Opposition at 6) was not decided under the CPLA. Instead, the court reasoned that the events at issue predated the CPLA, and therefore the court decided the case under pre-CPLA common law. Id. at 182-3. Furthermore, the court's conclusion that a defect could be proven by circumstantial evidence was predicated on the absence of other identifiable causes. Id. at 183. As explained above, a non-party governmental agency, OSHA, conducting an independent investigation, *has* identified a cause other than a product defect for the incident alleged in the complaint. Moreover, Defendant's expert, Roger Jones, has also offered a contrary opinion on the issue of liability.

Plaintiff also cites Potter v. Chicago Pneumatic Tool CO., 241 Conn. 199 (1997) and Living & Learning Centre, Inc. v. Griese Custom Signs, Inc., 3 Conn.App. 661 (1985) (Opposition at 6-7) to support his argument that an expert is not required to establish a defect. However, both of those cases explicitly state that the application of the rule depends on the absence of other identifiable causes (Potter at 218; Living & Learning Centre at 664). Indeed, as authority for its application of the rule, Living & Learning Centre cites to Liberty Mut. Ins. Co. v. Sears, Roebuck & Co., 35 Conn.Supp. 687 (1979), where the court allowed a plaintiff to establish the defective condition of a television set that caused a fire, based on circumstantial evidence. Significantly, the court based its decision on two factors: the testimony of a fire chief eliminating all other causes of the fire, and the court's reasoning that the average juror possesses

a common understanding of television sets. Again, those two circumstances are absent from this case. Defendant has identified a cause for the alleged incident other than a defect in the pour cup, and a reasonable juror does not possess a common understanding of fused silica pour cups used to pour various molten metal alloys at varying temperatures in a foundry setting. Every juror has seen, and even used, seatbelts and televisions on a daily basis throughout their lives. It is highly unlikely that any juror will have ever seen, let lone worked with, a fused silica pour cup. Plaintiff cannot shoehorn this case into the line of cases that allows claimants, under "appropriate circumstances," to establish a defect without expert testimony.

### C. The Need for Expert Testimony is Not Limited to Medical Malpractice Claims.

Plaintiff's final argument, an attempt to distinguish the rule in Gold v. Dalkon Shield Claimants Trust, 1998 WL 351456 (D.Conn.) (Opposition at 7), is likewise unavailing. Contrary to Plaintiff's claim, the rule in Gold is not limited to medical testimony. Rather, the court in Gold held, as a general proposition, that "expert testimony is required when the factual content of the underlying issues is not found within the laypersons' common knowledge and experience." Gold at *3. In fact, Connecticut courts have applied the same rule in non-medical cases. In Matyas v. Minck, 37 Conn.App. 321 (1995), the Appellate Court applied the rule to the issue of professional negligence of an engineer. The court held that expert testimony would be required to establish such a claim, reasoning that without expert testimony a lay jury would not be able to determine whether the engineer employed proper techniques.

The rule in Gold is a general rule, and it is applied where laypersons' general knowledge and experience does not include the facts at issue. That is absolutely the case here. This case is not about seat belts or television sets, objects encountered in everyday life. It is about fused

silica pour cups used in the manufacture of copper billets.  No lay juror will have any experience with such circumstances.  Additionally, an independent agency has identified a cause for the alleged incident other than a defective product.  Under *both* the rule in <u>Gold</u> *and* the rule enunciated in the line of cases cited by Plaintiff beginning with <u>Debartolo</u>, Plaintiff is required to provide expert testimony to establish his claim under the CPLA.  Because Plaintiff's expert's testimony is inadmissible for the reasons described in the accompanying *Reply to Plaintiff's Opposition to Defendant's Motion to Preclude Expert Testimony*, Plaintiff cannot prove causation.

WHEREFORE, for all of the above reasons, as well as those set out in the June 15, 2006 Memorandum of Law filed in support of this Motion, Defendant respectfully requests that its motion for summary judgment in its favor be granted.

THE DEFENDANT
FIRELINE, INC.

By_____
Mark B. Seiger, Esq.
Fed. Bar No. ct 05580
Charles F. Gfeller, Esq.
Fed. Bar No. ct 18119
EDWARDS ANGELL PALMER
& DODGE, LLP
90 State House Square
Hartford, Connecticut 06103
(860) 525-5065
Telecopy (860) 527-4198

HFD_171542_1/CGFELLER

## CERTIFICATION

This is to certify that on the 30th day of November, 2006, a copy of the foregoing has been mailed via certified mail, postage pre-paid, to:

Robert J. Sweeney, Esq.
Early, Ludwick & Sweeney
One Century Tower
265 Church Street, 11th Floor
PO Box 1866
New Haven, CT 06508

Timothy D. Ward, Esq.
McGann, Bartlett & Brown
281 Hartford Turnpike # 401
Vernon, CT  06066

Charles F. Gfeller