UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
WILLIE SANDERS,                :
                               :
    Plaintiff,                 :
                               :
v.                             :  Civil No.3:02CV00498(AWT)
                               :
FIRELINE, INC.,                :
                               :
    Defendant.                 :
                               :
-------------------------------x
```

**RULING ON PENDING MOTIONS**

    The defendant has moved to preclude the testimony of the plaintiff's expert and has also moved for summary judgment. Oral argument on the defendant's motions was held today, after which the court granted each motion.

    As an initial matter, the court agrees with the defendant that this is a case where the plaintiff must establish causation through expert testimony in order to establish liability under the Connecticut Product Liability Act, Conn. Gen. Stat. § 52-572m, et seq.. This is not a case where the fact of a defect is within the common knowledge of an average juror. Nor is it a case where there is an absence of other identifiable causes. See Debartolo v. Daimler Chrysler Corp., No. X10NNHCV030482725S(CLD), 2005 WL 3665602, at *4 (Conn. Super. Ct. Dec. 22, 2005); see also Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 218 (1997) (under proper circumstances, finder of fact can infer liability from circumstantial evidence).

The plaintiff contends that its expert, Michael Shanok, qualifies as an expert by virtue of specialized knowledge based on his experience. However, Shanok's responses to questioning during his deposition reflect that he has no experience in conducting failure analysis for the product at issue in this case. In addition, Shanok undertook no failure analysis of the product at issue. In addition, Shanok's report reflects impermissible reliance on his assessment of the plaintiff's credibility. See Nimely v. City of New York, 414 F.3d 381, 399 (2d Cir. 2005). Moreover, his report and his testimony reflect a failure on his part to make any effort to validate through scientific methodology the hypotheses set forth in his report as to why the south pour cup was defective because of its manufacture or design. See Shanok Deposition II, at 110. Thus, the court concluded that Shanok's testimony would not be the product of reliable principles and methods.

Accordingly, Defendant's Motion to Preclude Testimony (Doc. No. 59) and Defendant's Motion for Summary Judgment (Doc. No. 57) are hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 12th day of March 2007 at Hartford, Connecticut.

                                                /s/AWT
                                      Alvin W. Thompson
                               United States District Judge