## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIE SANDERS | : | CIVIL ACTION NO. |
| | : | 3:02 cv 498 (AWT) |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| FIRELINE, INC. | : | |
| | : | |
| Defendant | : | March 22, 2007 |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
### GRANTING SUMMARY JUDGMENT

Pursuant to L.Civ.R. 7 (c), the Plaintiff, Willie Sanders, hereby respectfully requests this

Court (Thompson, J.) reconsider its decision dated March 13, 2007 granting Defendant's

Motion for Summary Judgment.   The Court's conclusion that summary judgment was

automatic following its decision to preclude Plaintiff's expert is not supported by applicable

law.  The Court's ruling, issued from the bench at the conclusion of oral argument on the

Defendant's motion, denied the Plaintiff the opportunity to (1) present evidence and/or

testimony at a *Daubert* Hearing and (2) offer factual evidence that the Defendant's product was

defective, even in the absence of expert testimony.  Plaintiff respectfully submits that the Court

failed to properly consider that the Plaintiff could present factual evidence, even without expert

testimony, to prove his case.  Moreover, the Court entered judgment against the Plaintiff without

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
ORAL ARGUMENT REQUESTED EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

even giving him the opportunity of offering such evidence.

Given that Connecticut law allows for a plaintiff to establish liability and causation in a Products Liability case without expert testimony, there remains a genuine issue of fact regarding whether the Defendant's product is defective and caused the Plaintiff's injuries.

Accordingly, Plaintiff hereby requests this Court reconsider its ruling and delay deciding the Motion for summary judgment until (1) a *Daubert* hearing has been held to determine the admissibility of Mr. Shanok's proposed expert testimony and (2) the Plaintiff has been afforded the opportunity to brief the issue of whether, following the Court's order precluding Mr. Shanok from testifying, there still exists a genuine issue of material fact in this case.

In support hereof, Plaintiff submits the attached memorandum of law.

THE PLAINTIFF

BY: _____
Robert J. Sweeney
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Fax (203) 785-1671
Fed Bar No. CT06046

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid on March 22, 2007 to:

Mark Seiger
Charles Gfellar
Edwards Angell Palmer
& Dodge LLP
90 State House Square
Hartford, CT 06103

Timothy Ward
McGann, Bartlett & Brown
281 Hartford Turnpike #401
Vernon, CT 06066

Robert J. Sweeney

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK3& SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIE SANDERS | : | CIVIL ACTION NO. |
| | : | 3:02 cv 498 (AWT) |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| FIRELINE, INC. | : | |
| | : | |
| Defendant | : | March 22, 2007 |

## MEMORANDUM OF LAW

Plaintiff, Willie Sanders, hereby submits this Memorandum of Law in support of his Motion for Reconsideration.

Local Rule of Civil Procedure, Rule 7(c) permits parties to file a Motion for Reconsideration. This Court should reconsider its decision granting Defendant's Motion for Summary Judgment because there was an incomplete factual record at the time of such ruling and the Plaintiff was not afforded the opportunity to brief the issue following the preclusion of his expert. The Plaintiff respectfully submits that the Court should have reserved judgment until after an evidentiary hearing could be held under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or additional briefs were submitted by the parties. Furthermore, the Court failed to properly consider that, even in the absence of expert testimony, there exist

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

genuine issues of material fact, including, inter alia, (1) whether the Defendant's product was defective and (2) whether such defect resulted in the explosion that caused the Plaintiff's injuries.

The Court's decision that the Defendant is automatically entitled to summary judgment following the preclusion of his expert goes against the weight of applicable law. "Because the summary judgment process does not conform well to the discipline that Daubert imposes, the Daubert regime should be employed only with great care and circumspection at the summary judgment stage." Cortes-Irizzary v. Corporacion Insular De Seguros, 111 F.3d 184, 188 (1st Cir.1997). "Under Connecticut law a plaintiff may...prove the existence of a product defect without the benefit of expert testimony." Debartolo v. Daimler Chrysler Corp., 2005 WL 3665602 *4 (Conn.Super.). Connecticut courts have consistently held that a jury may, under appropriate circumstances, infer a defect from the evidence without the necessity of expert testimony. Id.; see, e.g., Standard Structural Steel Co. v. Bethlehem Steel Corp., 597 F. Supp. 164 (D. Conn. 1984) (recognizing Connecticut law permits fact finder to draw inference of defect from circumstantial evidence); Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199 (1997)(Court recognizes that a Plaintiff need not retain an expert where lay jurors can infer a defect from circumstantial evidence); Living & Learning Centre, Inc. v. Griese Custom Signs, Inc., 3 Conn. App. 661 (1985) ("It is not necessary that the plaintiff in a strict tort action

establish a specific defect as long as there is evidence of some unspecified dangerous condition. In the absence of other identifiable causes, evidence of malfunction is sufficient evidence of a defect under § 402A of the Second Restatement of Torts.").

Another District Court in this Circuit, recently denied summary judgment, following the preclusion of Plaintiff's expert in a defective products case. See Arnold v. Krause, Inc., 233 F.R.D. 126 (W.D.N.Y.2005). "Expert testimony as to the specific design defect is not required." Id. at 132. "Rather, plaintiff's direct testimony as to how the accident occurred creates a material issue of fact." Id.

Accordingly, the Court should reconsider its decision granting summary judgment and permit the Plaintiff to submit additional evidence and/or briefs concerning whether there exists a genuine issue of material fact following the preclusion of the Plaintiff's expert.

THE PLAINTIFF

BY: _____

Robert J. Sweeney
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Fax (203) 785-1671
Fed Bar No. CT06046

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid on March $\partial\partial$, 2007 to:

Mark Seiger
Charles Gfellar
Edwards Angell Palmer
& Dodge LLP
90 State House Square
Hartford, CT 06103

Timothy Ward
McGann, Bartlett & Brown
281 Hartford Turnpike #401
Vernon, CT 06066

_____
Robert J. Sweeney