**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| WILLIE SANDERS | : CIVIL ACTION NO. |
| | : 3:02 cv 498 (AWT) |
| Plaintiff | : |
| | : |
| VS. | : |
| | : |
| FIRELINE, INC. | : |
| | : |
| Defendant | : March 22, 2007 |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to L.Civ.R. 7 (c), the Plaintiff, Willie Sanders, hereby respectfully requests this Court (Thompson, J.) reconsider its decision dated March 13, 2007 granting Defendant's Motion to Preclude Expert Testimony. The Court's ruling, issued from the bench at the conclusion of oral argument on the Defendant's motion, denied the Plaintiff the opportunity to present evidence and/or testimony at a *Daubert* Hearing. Plaintiff submits that in a case, such as this, with an incomplete factual record concerning the proffered expert's testimony and where the preclusion of Plaintiff's expert is dispositive of the lawsuit, Plaintiff should be afforded the opportunity to present evidence and/or testimony concerning the methodology and credentials of his expert.

Accordingly, Plaintiff hereby requests this Court reconsider its ruling and convene a

ORAL ARGUMENT REQUESTED

*Daubert* hearing to determine the admissibility of Mr. Shanok's proposed expert testimony, based on a more complete factual record of the methodology employed by and the credentials of Plaintiff's expert.

In support hereof, Plaintiff submits the attached memorandum of law.

                                                         THE PLAINTIFF

                                                         BY: _____
                                                              Robert J. Sweeney
                                                              Early, Ludwick & Sweeney, L.L.C.
                                                              265 Church Street, 11th Floor
                                                              P.O. Box 1866
                                                              New Haven, CT 06508-1866
                                                              (203) 777-7799
                                                              Fax (203) 785-1671
                                                              Fed Bar No. CT06046

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid on March ___, 2007 to:

Mark Seiger
Charles Gfellar
Edwards Angell Palmer
& Dodge LLP
90 State House Square
Hartford, CT 06103

Timothy Ward
McGann, Bartlett & Brown
281 Hartford Turnpike #401
Vernon, CT 06066

_____
Robert J. Sweeney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIE SANDERS | : CIVIL ACTION NO. |
| | : 3:02 cv 498 (AWT) |
| Plaintiff | : |
| | : |
| VS. | : |
| | : |
| FIRELINE, INC. | : |
| | : |
| Defendant | : March 22, 2007 |

## MEMORANDUM OF LAW

Plaintiff, Willie Sanders, hereby submits this Memorandum of Law in support of his Motion for Reconsideration.

Local Rule of Civil Procedure, Rule 7(c) permits parties to file a Motion for Reconsideration. This Court should reconsider its decision granting Defendant's Motion to Preclude Plaintiff's expert, Michael Shanok, because there was an incomplete factual record at the time of such ruling. The Plaintiff respectfully submits that the Court should have reserved judgment until after an evidentiary hearing could be held under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

"The Second Circuit has held that, in general, Rule 104(a) pretrial evidentiary hearings are 'highly desirable' because they allow parties to present expert evidence and conduct cross-

examination of the proposed expert." Colon ex rel. Molina v. BIC USA, Inc., 199 F.Supp.2d 53, 70 (S.D.N.Y. 2001). "Moreover, failure to hold an in limine hearing, especially in the context of summary judgment, may be an abuse of discretion when the ruling on admissibility turns on factual issues." Id. Other Federal Courts have required in limine hearings under Rule 104(a) in making the reliability determination required under Rule 702 and Daubert. Padillas v. Stork-Gamco, Inc. 186 F.3d 412 (3rd Cir. 1999). By denying the Plaintiff's request for a Daubert hearing, the Court has not provided the plaintiff with sufficient process for defending his evidentiary submissions. The 3rd Circuit in Padilla stressed the importance of providing a *Daubert* hearing:

> The adversarial process upon which our legal system is based assumes
> that a fact finder will give the parties an adequate opportunity to be heard;
> if it does not, it cannot find facts reliably. Thus, the detailed factual
> record requirement, firmly entrenched in our jurisprudence, requires
> adequate process at the evidentiary stage, particularly when a summary
> judgment may flow from it. Given the 'liberal thrust' of the federal rules
> it is particularly important that the side trying to defend the admission of
> evidence be given an adequate chance to do so. Id. at 417.

If the Court in the present case was concerned with the factual dimensions of the Plaintiff's expert evidence, the Court should hold a *Daubert* hearing to afford the Plaintiff an opportunity to address the Court's concerns, rather than summarily granting Defendant's motion. Id. at 418.

The First Circuit has also concluded that a *Daubert* hearing should routinely be held

prior to preclusion. "Given the complex factual inquiry required by Daubert, courts will be hard-pressed in all but the most clearcut cases to gauge the reliability of expert proof on a truncated record." Cortes-Irizzary v. Corporacion Insular De Seguros, 111 F.3d 184, 188 (1st Cir.1997).

In a product liability case similar to the present case, the Third Circuit found that it was an abuse of discretion to fail to hold a *Daubert* hearing prior to ruling on the admissibility of expert testimony that turns on factual issues. Padillas, *supra*. This is especially true in the summary judgment context. Id.

Accordingly, Plaintiff hereby requests this court reconsider its ruling and convene a *Daubert* hearing to determine whether (1) Mr. Shanok is qualified to render expert testimony in this case based on his over forty years of engineering experience, nearly thirty years of experience serving as an engineering expert and accident reconstructionist and his experience serving as a plant engineer in a brass foundry and working with ceramic and fused silica products; (2) Mr. Shanok's opinions regarding causation meet the standards set out by Fed. R. Evid. 702 and Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); and (3) Mr. Shanok's methodology in determining that the subject pour cup was defective is sound and provides relevant and reliable conclusions based on recognized brass mill foundry practices, the OSHA regulations that govern safety in a brass mill foundry, and information that has been

verified by the operators, first line supervisors and managers of the foundry

                              THE PLAINTIFF

                   BY:   _____
                              Robert J. Sweeney
                              Early, Ludwick & Sweeney, L.L.C.
                              265 Church Street, 11th Floor
                              P.O. Box 1866
                              New Haven, CT 06508-1866
                              (203) 777-7799
                              Fax (203) 785-1671
                              Fed Bar No. CT06046

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid on March , 2007 to:

Mark Seiger
Charles Gfellar
Edwards Angell Palmer
& Dodge LLP
90 State House Square
Hartford, CT 06103

Timothy Ward
McGann, Bartlett & Brown
281 Hartford Turnpike #401
Vernon, CT 06066

_____
Robert J. Sweeney

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080