UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIE SANDERS | : | CIVIL ACTION NO. |
| | : | 3:02 cv 498(AWT) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| FIRELINE, INC. | : | |
| | : | |
| Defendant. | : | APRIL 12, 2007 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.     PRELIMINARY STATEMENT**

The Defendant, Fireline, Inc. ("Defendant" or "Fireline"), through its undersigned counsel, hereby objects to the March 22, 2007 Motion for Reconsideration of Order granting Defendant's Motion to Preclude Expert Testimony (the "Motion") brought by the Plaintiff, Willie Sanders ("Plaintiff" or "Sanders").  The Motion should be denied because it fails to meet the standard for a motion for reconsideration under the *Local Rules of Civil Procedure* 7(c) and the law of the Second Circuit, in that it merely seeks to relitigate an issue already decided without pointing to any controlling authority or data that the Court may have overlooked.

II. **LAW & ARGUMENT**

    A.    **Standard for Reconsideration**

"Reconsideration will generally only be granted when a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Book v. Lupinacci, 2006 WL 1182275 at *2 (D.Conn.), citing, Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).  "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again... ." Virgin Atlantic at 1255 (internal quotation marks omitted).  "Reconsideration should therefore be granted when a party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Book at *2, citing, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995) (internal quotation marks omitted).

While the question is ultimately a discretionary one, Id., the Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," Schrader at 257, nor will the Court grant such a motion where the moving party seeks solely to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Development Co., Inc. v. B.U.S. Environmental Services, Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and internal quotation marks omitted).

*D. Conn. L. Civ. R.* 7(c) provides:

    **Motions for Reconsideration.**

> Motions for reconsideration ... shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

B. **Plaintiff Does Not Identify Any Controlling Decisions That Would Compel A Different Outcome**

As a motion for reconsideration, the Motion is patently inadequate. Plaintiff does not bring <u>any</u> new law or facts to the Court's attention. Plaintiff fails to identify <u>any</u> clear error or manifest injustice. Moreover, Plaintiff does not identify <u>any</u> "controlling decisions" which this Court overlooked.

Instead, Plaintiff's entire argument depends on three cases, none of which should compel this Court to reach a different decision. Two of these are decidedly non-controlling, as they are outside the Second Circuit (<u>Padillas v. Stork-Gamco, Inc.</u>, 186 F.3d 412 (3d Cir. 1999); <u>Cortes-Irizzary v. Corporacion Insular De Seguros</u>, 111 F.3d 184 (1st Cir. 1997)). As such, they fail to meet the standard, espoused in <u>Virgin Atlantic</u> and *D. Conn. L. Civ. R.* 7(c), of presenting "controlling" decisions on a motion for reconsideration.

Plaintiff also cites to a Southern District of New York case, which is not only non-binding authority, but that, upon examination, does not assist his cause. <u>Colon ex rel. Molina v. BIC USA, Inc.</u>, 199 F.Supp.2d 53 (S.D.N.Y. 2001) does state that the Second Circuit has called pretrial evidentiary hearings "highly desirable" (<u>Colon</u> at 70). However, where <u>Colon</u> says that failure to hold an *in limine* hearing "may be an abuse of discretion," it is in the context of a citation to <u>Padillas</u>, a Third Circuit case, and the quote is *immediately* followed by the observation that "[n]ot all circuits agree." <u>Colon</u> at 70. That observation is in turn followed by citations to circuit level opinions that disagree with the holding in <u>Padilla</u> – including another Third Circuit case, <u>Oddi v. Ford Motor Co.</u>, 234 F.3d 136 (3d Cir. 2000) that distinguished

Padilla by "reject[ing the] plaintiff's argument that in limine *Daubert* hearing was required when court had reviewed well-developed record which included two depositions, a declaration and an expert report." Colon at 70.

Therefore, Colon cites Padillas *not* as controlling authority, but merely as providing one possible answer to the question of whether an evidentiary hearing is required on a Daubert motion – an answer not adhered to in every circuit, and in fact not always adhered to in the Third Circuit itself. The nuanced approach of the Third Circuit is instructive. Oddi distinguished Padilla in holding that a hearing was not required in the face of a well-developed record. Here, the Court has had the opportunity to review an extensive deposition of Michael Shanok ("Shanok"), to review Shanok's report, and to review the investigative report of OSHA. It is respectfully submitted that even if this Court were to look to the Third Circuit as a guide, as Plaintiff desires, the holding in Oddi would only reaffirm the Court's decision in its March 12, 2007 Ruling (Thompson, J.) (the "Ruling") to preclude Shanok's testimony without requiring an evidentiary hearing.

Ultimately, Colon concludes that "[n]othing in Daubert, or any other Supreme Court or Second Circuit case, mandates that the district court hold a Daubert hearing before ruling on the admissibility of expert testimony, **even where such ruling is dispositive of a summary judgment motion**." Colon at 71 (emphasis added). In fact, even the Second Circuit case relied upon by Colon for the proposition that evidentiary hearings are "'highly desirable,'" Id. at 70, quoting, Borawick v. Shay, 68 F.3d 597, 608 (2d Cir. 1995), ultimately affirmed the exclusion of expert testimony despite the district court's failure to hold a pretrial hearing. Id.

In short, Plaintiff has failed to present any new data or law that would require this Court to alter its conclusion, and is merely trying to relitigate the issue of preclusion by presenting non-controlling and non-dispositive authorities that Plaintiff hopes will sway the Court to reconsider the Ruling. Plaintiff's arguments fall far short of the standards espoused in <u>Virgin Atlantic</u> and *D. Conn. L. Civ. R.* 7(c) for a motion for reconsideration, and this Court should reject them.

### III. <u>CONCLUSION</u>

WHEREFORE, and for the foregoing reasons, Defendant, Fireline, Inc., respectfully requests that the Court deny Plaintiff's Motion for Reconsideration in its entirety.

THE DEFENDANT
FIRELINE, INC.

By: /s/ Charles F. Gfeller
Mark B. Seiger, Esq.
Fed. Bar No. ct 05580
Charles F. Gfeller, Esq.
Fed. Bar No. ct 18119
EDWARDS ANGELL PALMER
& DODGE LLP
90 State House Square
Hartford, Connecticut 06103
(860) 525-5065
Telecopy (860) 527-4198
mseiger@eapdlaw.com
cgfeller@eapdlaw.com

- 6 -

## **CERTIFICATION**

     I hereby certify that on April 12, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                       /s/ Charles F. Gfeller
                                       Charles F. Gfeller