UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIE SANDERS | : | CIVIL ACTION NO. |
| | : | 3:02 cv 498(AWT) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| FIRELINE, INC. | : | |
| | : | |
| Defendant. | : | APRIL 12, 2007 |

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF ORDER
GRANTING SUMMARY JUDGMENT</u>**

**I.    <u>PRELIMINARY STATEMENT</u>**

The Defendant, Fireline, Inc. ("Defendant" or "Fireline"), through its undersigned counsel, hereby objects to the March 22, 2007 Motion for Reconsideration of Order Granting Summary Judgment (the "Motion") brought by the Plaintiff, Willie Sanders ("Plaintiff" or "Sanders").  The Motion should be denied because it fails to meet the standard for a motion for reconsideration under the *Local Rules of Civil Procedure* 7(c) and the law of the Second Circuit, in that it merely seeks to relitigate an issue already decided without pointing to any controlling authority or data that the Court may have overlooked.

II. **LAW & ARGUMENT**

    A. **Standard for Reconsideration**

"Reconsideration will generally only be granted when a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Book v. Lupinacci, 2006 WL 1182275 at *2 (D.Conn.), citing, Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again... ." Virgin Atlantic at 1255 (internal quotation marks omitted). "Reconsideration should therefore be granted when a party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Book at *2, citing, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995) (internal quotation marks omitted).

While the question is ultimately a discretionary one, Id., the Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," Schrader at 257, nor will the Court grant such a motion where the moving party seeks solely to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Development Co., Inc. v. B.U.S. Environmental Services, Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and internal quotation marks omitted).

*D. Conn. L. Civ. R.* 7(c) provides:

    **Motions for Reconsideration.**

> 1. Motions for reconsideration ... shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

### B. Plaintiff Seeks Merely To Relitigate An Issue Already Decided

As a motion for reconsideration, the Motion is patently inadequate. Plaintiff does not bring any new law or facts to the Court's attention. Plaintiff fails to identify any clear error or manifest injustice. Plaintiff does not identify any "controlling decisions" which this Court overlooked. Instead, Plaintiff seeks only to relitigate the issue of whether expert testimony is required to prove a defect in a fused silica pour cup used in metal foundries. In doing so, Plaintiff merely trots out the same arguments and the same cases that he relied on in his November 22, 2006, Objection to Defendant's Motion for Summary Judgment ("November 22 Objection").

In fact, most of Plaintiff's argument in the Motion consists of an *identical reproduction* of language from the November 22 Objection. Plaintiff's discussion of the line of cases addressing the issue of whether expert testimony is required to establish a products defect[1], from the sixth line of the first full paragraph on page 2 of his Memorandum of Law in support of the Motion ("Memorandum") until the end of that paragraph on the following page, is lifted *in toto* from the November 22 Objection at pages 6-7.

Plaintiff cannot contend that the Court "overlooked" any of those authorities. The Court addressed that line of cases squarely in its March 12, 2007 Ruling (Thompson, J.) (the "Ruling"), where it held:

> ...[T]he court agrees with the defendant that this is a case where the plaintiff must establish causation through expert testimony in order

---

[1] Those cases consist of Debartolo v. Daimler Chrysler Corp., 2005 WL 3665602 (Conn.Super.); Standard Structural Steel Co. v. Bethlehem Steel Corp., 597 F.Supp. 164 (D.Conn. 1984); Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199 (1997); and Living & Learning Center, Inc. v. Griese Custom Signs, Inc., 3 Conn.App. 661 (1985).

> to establish causation through expert testimony in order to establish liability under the Connecticut Product Liability Act, Conn. Gen. Stat. § 52-572m, et seq.. This is not a case where the fact of a defect is within the common knowledge of an average juror. Nor is it a case where there is an absence of other identifiable causes. See [Debartolo]; see also [Potter] (under proper circumstances, finder of fact can infer liability from circumstantial evidence).

See Ruling p. 1.  Furthermore, during the March 12, 2007 Hearing on the Motion and the related Motion to Preclude Expert Testimony, the Court stated explicitly that it had read and considered Plaintiff's authorities:

> THE COURT: ... [A]s I've read the cases that were cited by the parties, it seems to me that we are in a situation where we do need an expert opinion on liability. ...And I also do read the cases as saying that you can have a couple of exceptions  It's where there's no other explanation offered or it is something that laypeople could look at and understand.
>
> Having worked to try and figure out how this works, I don't think that it is something that laypeople can understand, and I do think it is a situation where we have another explanation offered.  So I think we are in a case where we do need to have the opinion.
>
> ... I did read [the November 22 Objection] and I did read the cases and that was the conclusion I reached.

See Transcript of March 12, 2007 Motions Hearing ("Transcript") pp. 20-21.

Plaintiff is also disingenuous where he claims that the Court decided that "the Defendant is *automatically* entitled to summary judgment following the preclusion of his expert... ." See Memorandum at p. 2 (emphasis added).  As illustrated by the preceding quotes from the Ruling and the Transcript, the Court did *not* grant summary judgment "automatically" upon the preclusion of Plaintiff's expert witness Michael Shanok.  Rather, the Court carefully considered the line of cases that discusses when expert testimony is required to prove a product defect, and concluded that, in this circumstance, it is required.

Plaintiff cites to two cases that did not appear in the November 22 Objection. However, neither case merits attention on a motion for reconsideration. Cortes-Irizzary v. Corporacion Insular De Seguros, 111 F.3d 184 (1st Cir. 1997) is outside the Second Circuit. As such, it fails to meet the standard, espoused in Virgin Atlantic and *D. Conn. L. Civ. R.* 7(c), of presenting "controlling" decisions on a motion for reconsideration. Arnold v. Krause, Inc., 233 F.R.D. 126 (W.D.N.Y. 2005) involves the evidentiary standard applied to a strict products liability claim under New York law and is likewise both non-controlling and inapplicable.

In short, Plaintiff cannot point to any controlling authority that the Court overlooked. Indeed, it is evident that the Court carefully considered Plaintiff's line of cases addressing the issue of whether expert testimony is required. Plaintiff does not like the conclusion that the Court reached, but that is no basis for a motion for reconsideration.

### III.   CONCLUSION

WHEREFORE, and for the foregoing reasons, Defendant, Fireline, Inc., respectfully requests that the Court deny Plaintiff's Motion for Reconsideration of Order Granting Summary Judgment in its entirety.

- 6 -

          THE DEFENDANT
          FIRELINE, INC.


          By: /s/ Charles F. Gfeller
          Mark B. Seiger, Esq.
          Fed. Bar No. ct 05580
          Charles F. Gfeller, Esq.
          Fed. Bar No. ct 18119
          EDWARDS ANGELL PALMER
          & DODGE  LLP
          90 State House Square
          Hartford, Connecticut 06103
          (860) 525-5065
          Telecopy (860) 527-4198
          mseiger@eapdlaw.com
          cgfeller@eapdlaw.com

**CERTIFICATION**

    I hereby certify that on April 12, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Charles F. Gfeller  
    Charles F. Gfeller